### STEIN v. UNITED STATES.
### No. 5808.

Circuit Court of Appeals, Third Circuit.
Jan. 22, 1936.

Harold B. Beitler and N. S. Winnet, both of Philadelphia, Pa., for appellant.

Julian R. Eagle and Charles D. Mc-Avoy, U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case concerns the proper taxation classification of alcohol. By section 5, Title 3, of the National Prohibition Act (27 U.S.C.A. § 75), "Any tax imposed by law upon alcohol shall attach to such alcohol as soon as it is in existence as such."

In this case the Druggists Specialties Company had been granted a permit to manufacture alcohol for toilet article manufacture and to withdraw 4,500 gallons of tax-free denatured alcohol a month for that purpose. On that status it sought to claim exemption from taxation. It reported it had sold, for toilet manufacture, its entire product to George Stein, who had not manufactured it into toilet preparations but had sold it to others. To test the honesty of the permittee's allegation, Stein was summoned as a witness by the tax authorities. He failed to appear. On application by such authorities to the District Court, he was ordered to go before that Board and testify. He appeared and was asked about the use made of the alcohol, who handled it for him in the Traders' Warehouse, why he put it in drums, the place and nature of his customers' business, and other questions bearing on the question of the use of the alcohol. His counsel advised him not to answer on the ground that these questions were not material to this inquiry into the tax liability of the permittee. On his refusal, the District Court adjudged him in contempt. Thereupon he took this appeal.

After due consideration had, we find no error in the contempt order of the court below. By the section already quoted, the alcohol in question became subject to tax when produced and, until made tax free by its use in toilet articles, the tax remained upon it. If a permittee to make it for toilet articles could be tax-freed by selling his whole production to a third party and thereby the door was closed to all inquiry as to what use was made of the alcohol, no more easy and open door means of tax evasion could be afforded. The inquiry is proper, and the order below is approved.